782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL LEE SAMMONS, Petitioner-Appellant,
v.
MICHAEL CODY, ATTORNEY GENERAL OF TENNESSEE, Respondent-Appellee.
 84-5983, 84-6042, 84-6088
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and JOINER, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Petitioner Michael Lee Sammons appealed the district court's denial for habeas corpus relief. The district court concluded that Sammons' successive petitions for a writ of habeas corpus constituted an abuse of the writ.
 
 
 2
 In March of 1981, Sammons was found to be in contempt of an order denying him custody of his daughter, having abducted her from his former wife's home on three occasions. The contempt conviction was vacated and petitioner was subsequently convicted on charges of kidnapping and burglary arising from the abduction of his daughter. Sammons appealed his kidnapping and burglary convictions to the Tennessee Court of Criminal Appeals, arguing in part that his conviction violated the double jeopardy clause of the fifth amendment.
 
 
 3
 In 1981 and 1982, while his appeal to the Tennessee Court of Criminal Appeals was pending, petitioner filed five federal habeas corpus petitions pursuant to 28 U.S.C. Sec. 2254. All five petitions were dismissed for failure to exhaust state court remedies.
 
 
 4
 In an opinion dated May 24, 1982, the Tennessee Criminal Court of Appeals reduced Sammons' conviction from first to second burglary. The court noted that it was unable to determine the validity of petitioner's double jeopardy claim because the record was devoid of a transcript of the contempt proceeding. Nonetheless, the court concluded that the defendant's contempt citation would not constitute a constitutional bar to his subsequent criminal prosecution for kidnapping.
 
 
 5
 After having received the ruling of the Court of Criminal Appeals, petitioner filed his sixth federal habeas corpus petition on June 3, 1982. The court dismissed that petition on June 13, 1982, finding that the petitioner had time remaining within which to appeal his conviction to the Tennessee Supreme Court.
 
 
 6
 Petitioner thereupon filed a petition for a common law or statutory writ of certiorari in the Tennessee Supreme Court. The Tennessee Supreme Court denied the petition on July 7, 1982, stating that petitioner's only procedure for review was through an appeal as provided in Rule 11, Tennessee Rules of Appellate Procedure. Subsequently, Sammons moved to dismiss his remaining pleadings before the Tennessee Supreme Court. The court granted petitioner's motion.
 
 
 7
 While his petition for certiorari before the Tennessee Supreme Court was pending, petitioner filed his seventh habeas corpus petition in federal district court, alleging that his conviction violated the fifth amendment's double jeopardy clause. On October 29, 1982, the district court dismissed the petition. In an opinion dated May 26, 1983, this court affirmed the district court's denial of the writ. This court concluded that petitioner's voluntary dismissal of his direct state court appeal constituted a deliberate bypass of his state appeal and thus, he had failed to exhaust his state court remedies.
 
 
 8
 After this court denied relief, petitioner filed his eighth federal habeas corpus petition on December 12, 1983, once again alleging double jeopardy. The district court dismissed the petition and petitioner appealed the dismissal. Sammons argued that he had 'cause' to dismiss his state court appeal because he reasonably believed that his burglary sentence would be reversed by the Tennessee Supreme Court. This court found that petitioner had not made a sufficient showing of cause for the dismissal of his state court appeal.
 
 
 9
 After this court passed judgment on Sammons' appeal from the denial of his eighth habeas corpus petition, petitioner filed three additional Sec. 2254 petitions, namely the ninth, tenth and eleventh petitions. These pending three actions have been consolidated for purposes of this appeal. Together, the consolidated petitions join three issues: (1) violation of the double jeopardy clause; (2) ineffective assistance of counsel concerning a pre-trial double jeopardy violation; and (3) illegal coercion of Sammons' right to appeal his double jeopardy infringement to the Tennessee Supreme Court.
 
 
 10
 The district court dismissed all three petitions, concluding that Sammons' successive petitions constituted an abuse of the writ. Upon examination of the record, this court cannot fault the district court as having abused its discretion in dismissing the petitions for abusing the writ.
 
 
 11
 Rule 9(b) of the Rules Governing Sec. 2254 Cases states that:
 
 
 12
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 13
 As the Supreme Court noted in Sanders v. United States, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148, 163 (1963), '[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation.'
 
 
 14
 Petitioner has failed to satisfactorily explain why he did not raise the arguments at issue herein in earlier petitions. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Hon. Charles W. Joiner, United States Senior District Judge from the Eastern District of Michigan, sitting by designation